UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-02725-APG-EJY |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Trust's Motion for Summary Judgment, (3) Denying as Moot Spanish Steps' Motion for Summary Judgment, and (4) Setting Deadline for Trust to Move for Default Judgment** |
| v. | |
| SPANISH STEPS, et al., | |
| Defendants | |
| | [ECF Nos. 54, 57, 58] |

Plaintiff Bank of America, N.A.[1] sues to determine whether a deed of trust still encumbers property located at 701 Capri Drive Unit 6A in Boulder City following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Spanish Steps. Bank of America seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust and it asserts alternative damages claims against Spanish Steps and Spanish Steps' foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant 7016A Capri Drive Trust (Trust) purchased the property at the HOA sale. Trust counterclaims to quiet title against Bank of America and the former homeowner, Jaime R. Barnum.

Bank of America moves for summary judgment, arguing that its failure to tender the superpriority lien amount should be excused as futile because NAS had a known policy of rejecting tender payments. Alternatively, Bank of America argues that allowing the sale to extinguish the deed of trust would violate its as-applied due process rights.

---

[1] The lawsuit was originally brought by Bayview Loan Servicing, LLC. Bank of America was later substituted as the plaintiff. ECF No. 47.

Trust opposes Bank of America's motion and moves for summary judgment, arguing that Bank of America's claims are untimely.  On the merits, Trust contends that Bank of America did not communicate with NAS until after the sale had already taken place and even if that communication was timely, it does not qualify as a tender payment.  Trust contends that without a timely tender attempt, Bank of America cannot rely on futility of tender.  It also argues there is no evidence that NAS had a known policy of rejecting tender payments at the time of this sale.  And it contends that it is entitled to summary judgment because there is no other reason to set aside the sale and it is a bona fide purchaser.

Spanish Steps opposes Bank of America's motion and moves for summary judgment, arguing that Bank of America's damages claims against it are untimely.  Spanish Steps also contends the declaratory relief claim is not properly asserted against it because it does not claim an interest in the property adverse to Bank of America's interest.  Alternatively, Spanish Steps argues that the sale complied with Nevada law and did not violate Bank of America's due process rights.

**I. BACKGROUND**

The original beneficiary under the deed of trust was Mortgage Electronic Registration Systems, Inc. (MERS). ECF No. 56-2 at 2-3.  In September 2012, MERS assigned the deed of trust to Bank of America. ECF No. 56-3.  In May 2014, Bank of America assigned it to the Secretary of Housing and Urban Development. ECF No. 56-4.  The Secretary assigned it to Bayview Loan Servicing, LLC, and Bayview assigned it to Bank of America in April 2017. ECF Nos. 56-5; 56-6.

In April 2013, NAS, on behalf of Spanish Steps, recorded a notice of delinquent assessment lien. ECF No. 56-7.  In June 2013, NAS recorded a notice of default. ECF No. 56-10.

Even though Bank of America was the beneficiary of record for the deed of trust at that time, NAS did not send the notice of default to Bank of America. ECF No. 56-11.  On November 1, 2013, NAS recorded a notice of sale. ECF No. 56-12.  NAS sent the notice of sale to Bank of America, and Bank of America received it on November 4. ECF No. 56-13.

On November 20, the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer) sent a letter to NAS on Bank of America's behalf requesting the superpriority amount so Bank of America could tender payment. ECF No. 56-17.  The letter stated that per NAS's "new office policy," Miles Bauer may "be submitting a HOA payoff request to calculate the applicable Super-Priority Amount via [NAS's] online request form" if Bank of America was willing to pay NAS's $150.00 charge. *Id.* at 4.  There is no evidence Miles Bauer or Bank of America ever submitted an online request form.  The envelope for this letter is marked as received by NAS on November 22.  The foreclosure sale took place at 10:00 a.m. on November 22, at which time Trust purchased the property for $8,500. ECF Nos. 56-1; 56-16.  It is unclear from the record whether NAS received the letter before or after the 10:00 a.m. sale.

**II. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

3

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Statute of Limitations

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on November 22, 2013. ECF No. 56-1 at 2. The complaint was filed less than four years later in November 2016. Bank of America's declaratory relief claim is timely.

### B. Futility of Tender

The Supreme Court of Nevada recently resolved a case on materially indistinguishable facts. *7510 Perla Del Mar Ave Trust v. Bank of Am., N.A. (Perla)*, 458 P.3d 348 (Nev. 2020) (en banc). In *Perla*, Bank of America, through Miles Bauer, sent a letter to the HOA's foreclosure agent—which in that case was also NAS—requesting the superpriority amount and offering to pay that amount. *Id.* at 349. NAS received the letter but did not respond to it. *Id.* Instead, NAS proceeded with the foreclosure sale. *Id.* There was evidence that, at the time Miles Bauer sent the letter to NAS in March 2012, NAS had a policy of rejecting checks "for less than the full amount if it was accompanied by a condition," and Miles Bauer was aware of NAS's policy. *Id.*

4

The Supreme Court of Nevada held that "[b]ecause NAS had a known policy of rejecting any payment for less than the full lien amount, . . . the Bank's obligation to tender the superpriority portion of the lien was excused, as it would have been rejected." *Id.* at 351. Excuse of tender, like tender itself, cures the default of the superpriority portion of the lien by operation of law. *Id.* at 350 n.1.

Here, Bank of America, through Miles Bauer, sent a letter to NAS in November 2013 requesting the superpriority amount and offering to pay that amount. ECF No. 57-9. Just like in *Perla*, NAS's witnesses testified in other cases that during the relevant time period, NAS would not accept checks from Miles Bauer that had conditional language and every check NAS received had that conditional language. ECF Nos. 57-11 at 24; 57-12 at 10; 57-13 at 29. Miles Bauer was aware of NAS's policy through their communications regarding hundreds of other properties. ECF Nos. 57-10 at 76-79; 57-11 at 21-24, 53-55; 57-12 at 9-10, 22-26; 57-13 at 28-30, 39-43.

This is consistent with the evidence in *Perla* that showed that within this same time frame, NAS had a policy of rejecting Miles Bauer's tender attempts and that Miles Bauer was aware of this policy. 458 P.3d at 349-50. "As a result, [Bank of America] was excused from making a formal tender in this instance because, pursuant to NAS's known policy, even if the Bank had tendered a check for the superpriority portion of the lien, NAS would have rejected it." *Id.* at 352. Consequently, Bank of America "preserved its interest in the property such that [Trust] purchased the property subject to the Bank's first deed of trust." *Id.*

Trust and Spanish Steps argue that *Perla* does not apply because Bank of America has not established that NAS received the Miles Bauer letter before the sale. I need not resolve whether a lender who did nothing in the face of receiving a notice of sale is entitled to the futility

defense because here, upon receiving the notice of sale, Miles Bauer sent its usual letter requesting the payoff amount.  The defendants' argument regarding timeliness of the Miles Bauer letter rings hollow because NAS did not send Bank of America the notice of default and Bank of America thus was deprived of the opportunity to make an earlier request for the superpriority payoff amount. *Cf. U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 446-48 (Nev. 2019) (stating that where the HOA does not substantially comply with the statutory notice requirements and the deed of trust beneficiary "did not receive timely notice by alternative means" resulting in prejudice, the district court should determine whether to declare the sale void as to the deed of trust).  The defendants do not dispute that if NAS had received the letter before the sale, this case would be on all fours with *Perla*.  The timing of the letter does not change the result under the facts of this case.

      The defendants also contend that NAS changed its policy before this sale.  However, the evidence shows that the only policy NAS changed was whether it would provide the lenders with a statement of account for the homeowner. *See* ECF No. 57-10 at 72-73, 89.  There is no evidence NAS ever changed its policy of rejecting tender attempts that contained the conditional language in the Miles Bauer letters.

      Because Bank of America was excused from making a formal tender, its interest in the property was preserved by operation of law and the HOA foreclosure sale is void as to its deed of trust. *Perla*, 458 P.3d at 350 n.1, 352; *see also Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc) (Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion."). Trust's "status as a [bona fide purchaser] is irrelevant

when a defect in the foreclosure proceeding renders the sale void." *Bank of Am., N.A.*, 427 P.3d at 121.

I therefore grant Bank of America's motion and deny Trust's motion on the declaratory relief claim and Trust's quiet title counterclaim. Because the HOA sale did not extinguish the deed of trust, I dismiss as moot Bank of America's alternative damages claims against Spanish Steps and NAS, and I deny as moot Spanish Steps' motion for summary judgment.

### C. Barnum

Barnum has defaulted. ECF No. 51. Trust moved for default judgment, which I denied without prejudice. ECF Nos. 64; 67. If Trust intends to pursue its quiet title counterclaim against Barnum, it must file a motion for default judgment by October 30, 2020.

## III. CONCLUSION

I THEREFORE ORDER that defendant 7016A Capri Drive Trust's motion for summary judgment (**ECF No. 54) is DENIED**.

I FURTHER ORDER that plaintiff Bank of America, N. A.'s motion for summary judgment (**ECF No. 57) is GRANTED**. I declare that the homeowners association's non-judicial foreclosure sale conducted on November 22, 2013 did not extinguish the deed of trust, and the property located at 701 Capri Drive Unit 6A in Boulder City, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N. A.'s damages claims against defendants Spanish Steps and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Spanish Steps' motion for summary judgment (**ECF No. 58) is DENIED as moot**.

I FURTHER ORDER that counterclaimant 7016A Capri Drive Trust may file a motion for default judgment against counterdefendant Jaime Barnum by October 30, 2020. Failure to do so will result in the quiet title counterclaim against Barnum being dismissed without prejudice.

DATED this 8th day of October, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8